IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MIKE WHITTINGTON                                                                    PLAINTIFF

VS.                                                   CIVIL ACTION NO:  5:13cv245-TSL-JMR

PIKE COUNTY JAIL                                                                  DEFENDANT

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* for failure to prosecute and failure to state a claim. Mike Whittington [Whittington] filed his complaint on January 11, 2013, seeking redress for an alleged violation of Whittington's Eighth Amendment rights. [1.] Whittington issued summons via certified mail to the Pike County Jail by service on Mark Sheppard [Sheppard], sheriff of Pike County on September 6, 2013. [5.] Whittington submitted his proof of service on Pike County Jail on September 25, 2013, by returning the copy of the domestic return receipt addressed to Sheppard and signed by Johnnie Wharton. [6.] The filing of the return of service is the last activity taken in this case by Whittington.

Under the Prison Litigation Reform Act of 1996 [PLRA], the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,*

490 U.S. 319, 325 (1989).

Rule 17(b) of the Federal Rules of Civil Procedure governs the determination of the capacity to sue and be sued. The rule provides that the capacity to sue or be sued for an entity such as the Pike County Jail is determined by the law of the state in which the district court sits. The Court must look to the law of Mississippi to determine if the Pike County Jail is an entity subject to suit. Under Mississippi law, the Pike County Jail has no legal identity separate from Pike County, and, as such, is not subject to suit. *Turner v. Upton County,* 915 F.2d 133 (5th Cir. 1990); *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006); *Darby v. Pasadena Police Dep't.,* 939 F.2d 311, 313 (5th Cir. 1991). The Court finds that Whittington has failed to state a claim against the Pike County Jail pursuant to § 1983, and he has failed to plead any facts that state a plausible basis for recovery against this defendant. Therefore, the Court recommends that the Pike County Jail should be dismissed with prejudice from this lawsuit and that this case should be dismissed.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 24, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute*

*on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was mailed to Whittington at his last known address by certified mail, return receipt requested.

  This the 10th day of February, 2014.

                s/John M. Roper
             CHIEF UNITED STATES MAGISTRATE JUDGE